# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00024-MR

| | |
|---|---|
| MARCUS RANDALL BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CARLOS HERNANDEZ, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint. [Doc. 1]. Also pending is the Plaintiff's Request for Declaratory Judgment [Doc. 9]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 7].

The *pro se* incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Plaintiff names as Defendants: Carlos Hernandez, the Alexander CI superintendent; Amy Jenkins, an Alexander CI programs director; M. Dula, an Alexander CI case manager; Sophia Feaster, the North Carolina Department of Public Safety ("NCDPS") ADA coordinator; and John Doe, an "unknown/illegible NCDPS division ADA coordinator." [Doc. 1 at 3].

The Plaintiff alleges that the Defendants violated the ADA by denying his ADA requests for approximately two years even though the Plaintiff was "clearly eligible." [Id. at 4]. The Defendants ultimately approved an ADA request in May 2020 based on the same physical limitations that existed during his previous ADA requests. [Id. at 2]. As relief, Plaintiff asks the Court "to direct NCDPS to award [him] the gain time under ADA that [he] would've earned if [his] request for ADA had been granted initially…." [Id. at 6]. In the Request for Declaratory Judgment, the Plaintiff asks the Court to enter judgment declaring that his rights have been violated under ADA and to "order Defendant to apply the sentence reduction credits owed by Defendant to Plaintiff's sentence of imprisonment immediately, so that Plaintiff can be released from incarceration." [Doc. 9 at 2].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

2

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In the Complaint and the Request for Declaratory Judgment, the Plaintiff alleges that the Defendants violated the ADA by denying several "ADA request[s]" based on his "physical limitations…." [Doc. 1 at 4]. He seeks release from custody based on the back gain time he is allegedly owed. [Id.].

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally In re Wright, 826 F.3d 774, 779 (4th

3

Cir. 2016) (federal habeas petitions of state prisoners who are who are challenging the execution of a state sentence should be treated as petitions pursuant to 28 U.S.C. § 2254). Because the claim presented by the Plaintiff is not cognizable outside of a habeas proceeding, the Court will dismiss the Plaintiff's Complaint and deny the Request for Declaratory Relief. The Clerk will be instructed to mail the Plaintiff a habeas corpus form in an abundance of caution.[1]

Even if the Plaintiff were requesting relief that is cognizable in this proceeding, the Complaint would still be dismissed for failure to state a claim.

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must show that: (1) he has a disability; (2) he was otherwise qualified to receive the benefits of a public service, program, or activity; and (3) he was denied the benefits of such service, program, or activity, or was otherwise discriminated against, on the basis of the disability. See Nat'l Fed. of the Blind v. Lamone, 813 F.3d 494 (4th Cir. 2016); Doe v.

---

[1] The Court makes no representations about the merit or procedural viability of such an action.

Univ. of Md. Med. Sys. Corp., 50 F.3d 1261 (4th Cir. 1995). The third step is met by showing that a disability played a "motivating role" in the adverse action. Constantine v. George Mason Univ., 411 F.3d 474, 498 n.17 (4th Cir. 2005) (citing Baird v. Rose, 192 F.3d 462, 468 (4th Cir. 1999)).

The Complaint fails to describe the Plaintiff's alleged disability. Assuming *arguendo* that the conditions described in the Inmate Reasonable Accommodation Requests (IRARs) amount to a disability, the Plaintiff has failed to plausibly allege that he was excluded in participating in, and was denied the benefits of earning sentencing credits on the basis of his disability. He has demonstrated only that he disagreed with prison officials' assessment of the work and educational programs that were available to him. Therefore, to the extent that the Plaintiff attempts to assert an ADA claim, such claim is dismissed.

The Plaintiff also attempts to state a claim under § 1983. Under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). However, the Plaintiff does not appear to state a § 1983 claim that is separate in any way from the ADA claim. It is thus duplicative of, and precluded by, the ADA claim. See generally Zombro v.

Baltimore City Police Dep't, 868 F.2d 1364, 1366 (4th Cir. 1989) (§ 1983 "does not in itself create any substantive rights," rather, "it provides a statutory basis to receive a remedy" for violations of federal law); see, e.g., Anderson v. School Bd. of Gloucester Cnty., VA, 2020 WL 2832475, at *22 (E.D. Va. May 29, 2020) (dismissing a § 1983 ADA retaliation claim because the plaintiff "'cannot as a matter of law, pursue these independent causes of action' under the ADA pursuant to § 1983….") (quoting Gatling v. Carter, 2017 WL 480756, at *6 (D. Md. Feb. 6, 2017)); Peter B. v. Sanford, 2010 WL 5684397 (D.S.C. Dec, 6, 2010) (recommending dismissal "to the extent the Section 1983 claim is based on the same substantive rights as the ADA and Rehabilitation claims."); Henderson v. Gilbert, 2006 WL 1966797 (D. Md. July 10, 2006) ("A plaintiff may not state a claim under 42 U.S.C. §§ 1983 and 1985(3) for rights created by the ADA). To the extent that the Plaintiff attempts to assert a § 1983 claim, it is also dismissed.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant, and therefore, the Complaint will be dismissed. The Court will allow Plaintiff thirty (30) days to amend the Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend the Complaint, this action will be

6

Case 5:21-cv-00024-MR   Document 10   Filed 09/07/21   Page 6 of 7

dismissed without prejudice and without further notice to Plaintiff. The Request for Declaratory Judgment is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** without prejudice.

2. The Plaintiff shall have **thirty (30) days** in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. Plaintiff's Request for Declaratory Judgment [Doc. 9] is **DENIED**.

4. The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form and a § 2254 habeas corpus form.

**IT IS SO ORDERED**.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge

7

Case 5:21-cv-00024-MR   Document 10   Filed 09/07/21   Page 7 of 7